## KEENHOLTS *v.* CHURCH.

*(Supreme Court, General Term, Third Department.* July 7, 1890.)

ACTIONS FOR MONEY HAD AND RECEIVED—RECOVERY BACK.

In an action to recover back money overpaid in the settlement of an account it appeared that, there being a dispute as to the amount of the account, defendant agreed that if plaintiff would pay the amount of his demand, which included an indebtedness from plaintiff to a third person, who had assigned it to defendant, he would repay whatever sum it should be ascertained on a settlement of the account between plaintiff and the third person had been overpaid by plaintiff. Plaintiff effected a settlement with his debtor, and got a receipt showing the exact amount of his indebtedness. *Held*, that he could recover back the difference between the amount of the receipt and the sum paid defendant.

Appeal from Albany county court.

Action by John Keenholts against Walter S. Church to recover a sum overpaid defendant in a settlement. Judgment for plaintiff. Defendant appeals.

Argued before LEARNED, P. J., and LANDON and MAYHAM, JJ.

*Wm. S. Dyer,* (*Geo. L. Stedman,* of counsel,) for appellant. *Jacob H. Clute,* for respondent.

LEARNED, P. J. The complaint alleges that the plaintiff, on the 3d day of January, 1883, paid to the defendant $424.35; that this was the amount which the defendant claimed that the plaintiff owed to one Martha Batcher; that the plaintiff at the time claimed that he owed said Batcher much less; that plaintiff paid the money under an agreement that, if said Batcher's claim against plaintiff was less than that sum, then, as soon as plaintiff had settled with said Batcher, defendant would pay back to plaintiff the difference. It avers that plaintiff about March 24, 1883, settled with said Batcher for said claim; that he owed her only $93 at the time when he paid defendant $424.35; that she gave plaintiff a receipt in full; that he presented this to defendant, and demanded the difference; and the complaint demands $331.35, with interest. The answer admits the payment of that sum of $424.35, and denies everything else. The testimony of Simon E. Keenholts and of Elon Crounse tends to show that such an agreement was made. The testimony of the plaintiff is to the same effect. He also testifies to his subsequent settlement with Martha Batcher for $93, and also to the demand on the defendant for the balance. The receipt of Martha Batcher for $93, dated March 24, 1883, is produced, stating that this was all which was due her. The testimony of Judge Clute states the transaction substantially as set forth in the complaint, to the effect that, on the 3d of January, 1883, the defendant said that he had this claim of said Batcher against the plaintiff, and that defendant agreed that if plaintiff would pay the amount to defendant, and then would settle with said Batcher, and bring her receipt, the defendant would refund the difference. Mr. Ludden testifies to the settlement about January 5, 1883, between plaintiff and said Batcher for $93. On the other hand, the defendant testifies that in the interview of January 3d he said that he had a claim against said Batcher for the security of debts due him, and that the claim must be provided for; that plaintiff claimed that such debt was less, and defendant claimed it was more. One portion of the claim was a note of plaintiff to George A. Batcher or bearer, for $400, dated May 1, 1869; and another was an account against plaintiff. Defendant further testifies that said Martha Batcher turned over the note and account to him, and that he told her that whatever he collected from plaintiff over and above the amount due defendant from her husband (George A.) she should have the benefit of. There is evidence of Schoonmaker to the same effect, as to the agreement between Martha Batcher and the defendant. The testimony of Martha Batcher, on the contrary, is to the effect that the defendant was to collect this claim from

plaintiff and pay it to her. Without going over the testimony in detail any further, it is seen that there was a conflict on the evidence as to the transaction of January 3d. At that interview Judge Clute wrote down, and put his initials to, the following paper: "Martha Batcher has in Church's bill, $424.35. If her claim is less, Church is to give his check for the balance. J. H. C." The defendant insists that this was read aloud, and assented to by the parties, and that it is the binding agreement between them, and should exclude all other evidence of the agreement. It is evident that this paper, without some extrinsic evidence, is hardly to be understood. But it appears that at the time of the interview the plaintiff and the defendant were having a settlement in regard to some rent claimed by defendant against the plaintiff, and that for some reason this alleged debt of plaintiff to said Batcher was brought into the settlement. This is the meaning of the words: "Martha Batcher has in Church's bill, $424.35." All the testimony shows that this meant that the claim of said Batcher against the plaintiff was in the bill or demand of defendant against plaintiff. The writing then states that if her claim is less,—that is, if her claim against plaintiff is less than $424.35,—defendant is to give his check for the balance. The writing does not say to whom the check is to be given. But all the circumstances show that it was to be given to plaintiff; for if plaintiff paid more than was really owing by him to said Batcher, the excess would justly be refunded to him. If we take the defendant's statement, viz., that he told said Batcher that whatever he collected from plaintiff over and above what was due to defendant from her deceased husband, George A. Batcher, she should have the benefit of, still that does not seem to affect the question of defendant's liability to plaintiff for money paid in excess of the debt, and paid on an agreement to refund. Whether defendant or said Batcher held the claim, the plaintiff was not bound to pay more than he owed. If he had paid without the agreement to refund, it might have been said that the payment was voluntary. But no such position is taken here. Evidence was given as to how much was actually owing from plaintiff to said Batcher, and the referee has found the amount, so that the plaintiff does not rely solely on his settlement with her. There is some conflict as to what were the exact rights of the defendant in the Batcher claim; whether he was absolute owner, or a holder as security. At any rate, he could make an agreement as to the terms on which plaintiff should pay. So far as affects this case it does not seem to be very important whether on the 3d of January defendant was holding the Batcher note and account as absolute owner or as agent for said Batcher. In either case, if an agreement was made between plaintiff and defendant that, if plaintiff paid defendant the whole $424.35 claimed to be owing said Batcher, and if her claim should in fact be less, then that defendant would refund, the defendant would be liable, whether he was absolute owner or not. The plaintiff did not know that defendant claimed not to be absolute owner. The referee has found as a fact not only that plaintiff settled with said Batcher on the 6th of January for $93.31, but that that was the amount of the indebtedness to her. The defendant urges that the referee erred in refusing to find that the Batcher claims belonged to defendant. But if it did so belong we do not see any ground why the defendant should retain more than was due thereon, when the payment had been made on an agreement that if the claim was less defendant should give his check for the balance. There are no rulings as to the admission or exclusion of evidence which require a reversal of the judgment. The judgment should be affirmed, with costs.